**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 1 4 2014

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

Case No.: 3:14-cv-269-DPM

TAMMY HART

           Plaintiff,

  -against-

BRIGHTWATER CAPITAL, LLC.
A Florida Corporation

           Defendant.

**JURY TRIAL DEMANDED**

This case assigned to District Judge Marshall
and to Magistrate Judge Volpe

## ORIGINAL COMPLAINT

Plaintiff Tammy Hart by her undersigned counsel brings this action against Defendant Brightwater Capital, LLC and alleges as follows:

### INTRODUCTION

1.    The United States Congress has found abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasions of individual privacy.  Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, et. Seq. to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

1

2.     The Arkansas Legislature has adopted a regulatory structure to insure compliance with the debt collection laws.  Pursuant to A.C.A. §17-24-301, debt collectors are required to be licensed and regulated by the Arkansas State Board of Collection Agencies.

3.     Hart brings this action to challenge the actions of Brightwater Capital, LLC, a debt collector, with regard to attempts by Brightwater Capital, LLC to unlawfully and abusively collect a debt.  The aforementioned conduct of Brightwater Capital, LLC caused damage to Hart.

## STATEMENT OF JURISDICTION AND VENUE

4.     The averments set forth in paragraphs 1-3 are adopted herein and incorporated as if set forth word for word.

5.     Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692k(d) and 28 U.S.C. §1367 for pendant state law claims.

6.      This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. and State law claims for invasion of privacy by intrusion upon seclusion.

7.     The acts and events alleged in this Complaint occurred within Jonesboro, Craighead County, State of Arkansas.

8.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to the claims occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES TO THE CLAIM

9.     The averments set forth in paragraphs 1-8 are adopted herein and incorporated as if set forth word for word.

10.     Tammy Hart ("Hart") is a resident of Jonesboro, Craighead County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d;

11.     At the time of the incident described further herein, Brightwater Capital, LLC ("Brightwater") was a "debt collector /debt buyer," as that term is defined by 15 U.S.C. §1692a(6), and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

12.     Brightwater is not licensed by the Arkansas State Board of Collection Agencies nor is it registered with the Arkansas Secretary of State. Brightwater is being served pursuant to Arkansas Code Annotated §17-24-403 by delivering a copy of the Complaint to the Arkansas Secretary of State for service at the following address:

>    850 Concourse Parkway South
>    Suite 120
>    Maitland, FL  32751

## FACTUAL BACKGROUND

13.     The averments set forth in paragraphs 1-12 are adopted herein and incorporated as if set forth word for word.

14.     Brightwater filed a lawsuit against Hart on July 29, 2014 in the District Court of Craighead County, Arkansas-Jonesboro Division, asserting a consumer debt. A copy of the lawsuit is attached as Exhibit "A" and incorporated herein as if set forth word for word.

15.     The lawsuit alleged Hart defaulted on a Care Credit Dental account obligation with the original creditor, Care Credit Dental.

16.     Brightwater asserts it is the purchaser and current owner of the account, and is entitled to enforce the obligation and receive payment on the balance, plus pre-judgment interest, post-judgment interest at the statutory rate, attorney's fees and all other proper relief.

17.     As a "debt collector/debt buyer", Brightwater is required to be licensed by the Arkansas State Board of Collection Agencies pursuant to Arkansas Code Annotated §17-24-301. Brightwater is not licensed by the Arkansas State Board of Collection Agencies and is forbidden from purchasing and attempting to collect delinquent accounts or bills in Arkansas.

18.     The Arkansas Supreme Court, in the case of *Patty Simpson v. Cavalry SPV I, LLC*, 2014 Ark. 363, held that an entity that purchases delinquent accounts and then retains a licensed Arkansas lawyer to collect on the delinquent accounts and file lawsuits on its behalf in Arkansas is "attempting to collect", thus meeting the definition of "collection agency" pursuant to Arkansas Code Annotated §17-24-101.  The Court also held that an entity that purchases delinquent accounts and files lawsuits on its behalf in Arkansas is "attempting to collect" and, thus, is required to be licensed by the Arkansas State Board of Collection Agencies pursuant to Arkansas Code Annotated §17-24-301(4).

19.     Violation of a State statute supports a violation of the Fair Debt Collection Practices Act.  *Picht v. Hawks, Ltd*, 236 F.3d 446 (8th Cir. 2001).  By engaging in "collection activity" (filing a lawsuit) without the proper license in violation of Arkansas Code Annotated §17-24-301, Brightwater has violated the FDCPA.

20.     The actions by Brightwater constitute false, deceptive and misleading information in connection with debt collection in violation of 15 U.S.C §1692e.

21.     The actions by Brightwater constitute unfair or unconscionable means to attempt to collect debt in violation of 15 U.S.C §1692f.

22.     The actions by Brightwater constitute conduct the natural consequence of which is to harass, oppress or abuse any person in violation of 15 U.S.C. §1692d.

23.     The actions by Brightwater constitute the threat to take any action that cannot legally be taken in violation of 15 U.S.C. §1692e(5)

24.     The lawsuit filed by Brightwater is outside the applicable statute of limitations for a contract, obligation or liability not in writing, three (3) years, pursuant to Arkansas Code Annotated §16-56-105.

25.     The last reported date of payment on the account was July 5, 2011.  Brightwater filed its lawsuit on July 29, 2014, which is outside the applicable statute of limitations.

26.     By filing a lawsuit to collect a debt which is outside the statute of limitations, Brightwater is taking action that cannot legally be taken in violation of 15 U.S.C. §1692e(5).

27.     Brightwater, in its lawsuit, requested pre-judgment interest and post-judgment interest at the statutory rate.

28.     The Truth in Lending Act (TILA) regulates the type of account at issue in this case.

29.     TILA requires a creditor to send periodic statements to the debtor each billing cycle if there is an outstanding balance on an account where a finance charge is imposed.  15 U.S.C. §1637(b).

30.     That required periodic statement must contain certain required information which describes what and how the creditor is assessing interest and finance charges.  15 U.S.C. §1637(b).

31.     Consistent with 15 U.S.C. §1637(b), Regulation Z also requires creditors to "mail or deliver a periodic statement as required by (12 C.F.R.) §226.7 for each billing cycle at the end of which an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed." *Id.* At 12 C.F.R. §226.5(b)(2)(i).

32.     However, Regulation Z provides exceptions to this requirement that periodic statements be sent and enables creditors to *not* send those required periodic statements if the creditor does certain things.

33.     One of those exceptions is if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account.  12 C.F.R. §226.5(b)(2)(i).

34.     Therefore, under applicable regulations, Care Credit Dental was required to send periodic statements to Hart until it "charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account."  12 C.F.R. §226.5(b)(2)(i).

35.     Previous to the alleged purchase of the account by Brightwater, Care Credit Dental charged off an account alleged to have been incurred by Hart.

36.     Because Care Credit Dental had charged off the account, it was not required to send periodic statements to Hart as would otherwise be required by law.

37.     Therefore, after charging off the account, Care Credit Dental did not send any billing statements regarding the account to Hart.

38.     Care Credit Dental took advantage of the charge off exception to enable it to not be required to send periodic billing statements.

39.     The legal trade-off for entitling Care Credit Dental to take advantage of the charge off exception is that it was precluded by law from charging any additional fees or interest on the account.

40.     Therefore, after the account was written off, Care Credit Dental was precluded by law from charging additional fees or interest on the account because it had not sent out the

periodic statements.

41.     Brightwater professes to be in the same shoes as Care Credit Dental due to its purchase and assignment of the account.

42.     Brightwater would not acquire any greater rights than Care Credit Dental had at the time of the alleged purchase.

43.     By assessing interest and other charges for which there was no legal basis, Brightwater is in violation of 15 U.S.C §1692f(1) which prohibits a debt collector from collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

44.     By assessing charges not authorized by the agreement or law, Brightwater is in violation of 15 U.S.C. §1692e(5) by taking action that cannot legally be taken.

45.     The Complaint further requests costs and for all other proper relief.

46.     Because "costs and all other proper relief" are not authorized by the agreement creating the debt, the Complaint seeks to collect amounts not authorized by contract in violation of 15 U.S.C. §1692f(1).

47.     By not attaching the agreement upon which it is suing, Brightwater is making a false representation of the character, amount, or legal status of the debt in violation of 15 U.S.C. §1692e(2)(A).

48.     By not attaching the agreement upon which it is suing, Brightwater is engaging in unfair or unconscionable means in its attempt to collect the alleged debt in violation of 15 U.S.C. §1692f.

7

49.     Brightwater has attached no evidence that it purchased the debt from the original creditor and; thus, is taking action which cannot legally be taken in violation of 15 U.S.C. §1692e(5).

50.     Brightwater is in violation of 15 U.S.C. §1692e(10) by making false representations and engaging in deceptive means in attempting to collect the debt by its inability to document any agreement between Hart and any creditor.

51.     Hart has suffered embarrassment, humiliation, mental distress and emotional anguish, as well as physical symptoms of injury as a result of the aforementioned mistaken, alleged and/or improperly asserted consumer debt, and has incurred costs, expenses and attorney fees.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

52.     The averments set forth in paragraphs 1-51 are adopted herein and incorporated as if set forth word for word.

53.     Brightwater engaged in abusive, harassing, oppressive conduct, false, deceptive or misleading representations, and unfair or unconscionable collection methods in contravention of 15 U.S.C. §1692, a course of action which violated the FDCPA in the following particulars:

    i.  attempting to collect a debt not owed pursuant to: 15 U.S.C. §1692e(2), and 1692e(10);

    ii.  attempting to collect a debt for an improper amount pursuant to: 15 U.S.C. §1692f; 1692e(2) and 1692e(10);

    iii.  Any unfair or unconscionable means to collect or attempt to collect the alleged debt by violating State law pursuant to 15 U.S.C. §1692f;

    iv.  Conduct the natural consequence of which is to harass, oppress or abuse any person pursuant to 15 U.S.C. §1692d;

8

vi.   Taking action that cannot legally be taken pursuant to 15 U.S.C. §1692e(5);

vii.  15 U.S.C §1692f(1) which prohibits a debt collector from collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law;

viii. Making a false representation of the character, amount, or legal status of the debt in violation of 15 U.S.C. §1692e(2)(A).

54.   Brightwater's conduct are violations of the FDCPA for which strict liability applies pursuant to: 15 U.S.C. §1692, et seq.;

55.   Brightwater's conduct are violations of the FDCPA for which statutory damages of $1,000.00 apply pursuant to: 15 U.S.C. §1692k(a)(2)(A);

56.   Brightwater's conduct was a producing cause of actual damages incurred by Hart pursuant to: 15 U.S.C. §1692k(a)(1).

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

57.   The averments set forth in paragraphs 1-56 are adopted herein and incorporated as if set forth word for word.

58.   Brightwater, because it is not properly licensed by the Arkansas State Board of Collection Agencies, illegally attempted to collect a delinquent debt from Hart.  By filing a lawsuit in violation of State law, Brightwater made a public record of Hart's private financial affairs and intentionally intruded upon Hart's solitude or seclusion and believed or was substantially certain that it lacked the necessary legal authority or personal permission, invitation, or valid consent to commit the intrusive act.

## DAMAGES

59.    The averments set forth in paragraphs 1-58 are adopted herein and incorporated as if set forth word for word.

60.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Hart sustained damages and injuries including, but not limited to, the following:

    i.   increased temper;
    ii.  loss of sleep and insomnia;
    iii. anxiety, nervousness, fear, and worry;
    iv.  emotional distress and mental distress;

61.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Hart is entitled to the following damages:

    i.   costs, expenses and attorney fees;
    ii.  statutory damages in the maximum amount of $1,000.00;
    iii. actual damages to be determined at trial.

## JURY DEMAND

62.    The averments set forth in paragraphs 1-61 are adopted herein and incorporated as if set forth word for word.

63.    Hart demands a jury trial on all issues so triable.

## PRAYER

WHEREFORE, Hart prays the Court enter judgment in her favor, grant her an award of statutory damages, actual damages, as well as her attorney fees and costs.

Dated: November 14, 2014

Respectfully submitted,


By: _____

Todd Wooten, Esq.   ABN 94034
**WOOTEN LAW FIRM**
2226 Cottondale Lane, Suite 210
Little Rock, Arkansas 722202
Telephone: (501) 218-6064
todd@wootenlaw.net

and

J.R. Andrews, Esq.   ABN 92041
Attorney at Law
2014 Martha Drive
Little Rock, Arkansas 72212
Telephone: (501) 680-3634
jrandrewsatty@yahoo.com


Attorneys for Plaintiff

CRAIGHEAD COUNTY
DISTRICT COURT

2014 JUL 29  A 8: 37

**IN THE DISTRICT COURT OF CRAIGHEAD COUNTY, ARKANSAS**
**JONESBORO DIVISION**

**BRIGHTWATER CAPITAL, LLC.**                                    **PLAINTIFF**

**V.**                      CASE NO. *C-14-558*

**TAMMY HART**                                                **DEFENDANT**

<u>**COMPLAINT**</u>

Comes the Plaintiff and for its cause of action against the Defendant, states:

1. That the Plaintiff is a foreign limited liability company authorized to bring this action under Ark. Code Ann. § 4-32-1008.

2. That the Defendant is a resident of Craighead County, Arkansas.

3. Jurisdiction and venue are proper in this Court.

4. That Defendant purchased certain items with extensions of credit obtained on his/her CARE CREDIT DENTAL account. This account was purchased by, and assigned to the Plaintiff for good and valuable consideration.

5. That the amount past due on said account, which has not been paid, and has been owed for a period of time is as follows, principal amount, $1,994.39, plus pre-judgment interest as set out in Plaintiff's Affidavit which is attached hereto and incorporated herein by reference.

6. That demand had been made for the payment of same, yet the balance remains unpaid.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of $ 1,994.39, for all costs herein paid and expended, for pre-judgment and post-judgment interest at the statutory rate, reasonable attorney's fees, and for all other proper relief.

Allen & Withrow
Attorneys at Law
P.O. Box 17248
Little Rock, AR 72222

_____
Lori Withrow (98069)

**EXHIBIT**

**A**

**Tammy Hart**

**$1,994.39**

STATE OF            )
                    ) ss.
COUNTY OF           )

## <u>AFFIDAVIT OF ACCOUNT</u>

Before me, the undersigned authority, personally appeared _____, who, being by me duly sworn, depose as follows:

1. My full name is _Alicia Perkinson_.

2. As an _employee_, I am an authorized agent of Brightwater Capital, LLC., and I or a person under my supervision has access to the records concerning the account of Tammy Hart, the Defendant. I am familiar with the books and records of Brightwater Capital, LLC. and with the Defendant's account.

3. I hereby aver that this claim is true and correct to the best of my knowledge, information and belief, and is due by the Defendant to the Plaintiff and that all just and lawful offsets, payments and credits to this account have been allowed.

4. These records show that a total balance of **$1,994.39**, including interest accrued at the rate of 0% after charge off unless and until pre-judgment or post judgment interest is awarded by the court, in accordance with the terms and conditions of the agreement, is due and payable by Defendant to Plaintiff, assignee of CARE CREDIT DENTAL.

Further Affiant sayeth not.

_____
AFFIANT

SUBSCRIBED AND SWORN to before me this

_11_ day of _June_, 20 _13_.

_____
Notary Public

My Commission Expires: _____

S&A File No. 14-00539-0

RACHEL ESTRO
Notary Public - State of Florida
My Comm. Expires Oct 15, 2016
Commission # EE 643792

legal
198432